IT IS SO ORDERED.

Dated:  12 February, 2026 04:44 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-13360 |
| | ) | |
| CHRISTOPHER A. JOHNSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF OPINION AND ORDER

This cause is before the Court on Chapter 13 Trustee's, Lauren A. Helbling ("Trustee"), Motion to Dismiss Case (the "Motion to Dismiss") due to the Debtor Christopher A. Johnson's ("Debtor") ineligibility to be a debtor in Chapter 13.  ECF No. 34.

### JURISDICTION

The Court has jurisdiction over Debtor's Chapter 13 case pursuant to 28 U.S.C. §§ 1334, 157(a), and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.  The determination of a Chapter 13 debtor's eligibility is a core proceeding that this Court may hear and determine.  28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

1

## BACKGROUND

Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code on August 6, 2025. ECF No. 1. Debtor filed his schedules and plan on August 20, 2025. ECF Nos. 8, 9.

Debtor's Schedule D lists $318,932.88 in secured debt. ECF No. 8, pp. 12-15. Debtor's Schedule F lists nonpriority, unsecured claims in the total amount of $1,028,085.52. ECF No. 8, pp. 17-24.

On October 21, 2025, Trustee filed her Motion to Dismiss. ECF No. 34. Debtor filed his Objection to Motion to Dismiss on November 11, 2025 (the "Objection"). ECF No. 44. On November 17, 2025, Creditors Lisa Powers, Mark Powers, and Towne Auto Sales, Inc. filed a Brief in Support of Trustee's Motion to Dismiss. ECF No. 52.

On November 21, 2025, Debtor filed Amended Schedule F – To Change Status of Certain Creditors. ECF No. 57.

The Court held a hearing on this matter on November 25, 2025 and ordered any replies to be filed on or before January 23, 2026. Creditors Lisa Powers, Mark Powers, and Towne Auto Sales, Inc. filed a supplemental brief on January 16, 2026 (ECF No. 105), and the Trustee filed her reply on January 22, 2026 (ECF No. 106).

Although the Motion to Dismiss was not up for hearing, the Court heard further argument related to the Motion to Dismiss on February 3, 2026 at the confirmation hearing.

## SUMMARY OF DEBTS

Debtor lists $318,932.88 in secured debt that is noncontingent and liquidated. ECF No. 8, pp. 12-15. A summary of Debtor's originally scheduled unsecured debt follows in the table below with a summary of the changes made in Debtor's Amended Schedule F.

| Creditor | Amount | How Amended |
|---|---|---|
| Alpine Advance 5, LLC | $31,117.50 | |
| American Express | $8,078.00 | |
| American Express | $11,546.00 | |
| American Express | $11,334.00 | |
| American Express | $8,202.00 | |
| Byzfunder NY LLC | $37,779.51 | |
| Capital One | $18,299.00 | |
| Capital One | $5,562.00 | |
| Capital One | $3,376.00 | |
| Capital One | $3,067.00 | |
| Capital One | $3,488.00 | |
| Capital One | $7,106.00 | |
| Capital One | $5,561.00 | |
| Capital One | $1,710.00 | |
| Capital One | $2,611.00 | |
| Capital One | $1,798.00 | |
| Cardmember Services | $40,600.00 | |
| Cardmember Services | $43,625.00 | |
| Cardmember Services | $10,423.00 | |
| Cardmember Services | $4,581.00 | |
| Credit Acceptance Corp. | $0.00 | |
| Credit One Bank | $881.00 | |

| | | |
|---|---|---|
| Discover Financial | $9,871.00 | |
| Dooley, Gembala, McLaughlin, Pecora | $52,190.00 | |
| Essential Funding Group, Inc. | $68,712.50 | |
| FFS Inc. SII/Huntington Bank | $0.00 | |
| FNB Omaha | $4,634.00 | |
| FNB Omaha | $4,287.00 | |
| FNBO | $3,708.00 | |
| FNBO | $4,107.00 | |
| Frederick & Berler LLC | $10,000.00 | |
| Goldman Sachs - Apple | $10,045.00 | |
| Goldman Sachs USA | $3,845.00 | |
| Goldman Sachs USA | $0.00 | |
| Honest Funding LLC | $48,924.81 | |
| Kinetic Advantage LLC | $0.00 | |
| Lisa Powers | $0.00 | Status amended to contingent and unliquidated |
| Nexgear Capital Inc. | $226,248.53 | Status amended to contingent |
| Ocean Funding Corp. | $5,000.00 | |
| PAC Western Financial, LLC | $54,187.47 | Status amended to contingent |
| Painters Supply and Equipment | $32,200.00 | |
| PenFed Credit Union | $5,973.00 | |
| Pentagon Federal Credit Union | $20,325.00 | |
| Pentagon Federal Credit Union | $16,671.00 | |

| | | |
|---|---|---|
| Pentagon Federal Credit Union | $10,923.00 | |
| PNC Financial | $9,532.00 | |
| Portfolio Recovery Associates | $10,799.00 | |
| SBA Loan | $30,000.00 | |
| SBA Loan | $30,900.00 | |
| Seeley, Savidge, Ebert & Gourash | $1,720.00 | |
| Servicing Solutions | $3,633.00 | |
| Sheffield Financial | $3,115.00 | |
| Sheffield Financial | $724.00 | |
| Sheffield Financial | $3,129.00 | |
| Silverline Services, Inc. | $68,912.20 | Status amended to contingent and unliquidated |
| Wells Fargo Bank, N.A. | $13,024.00 | |

The Debtor's originally scheduled unsecured, noncontingent, and liquidated debt totals $1,028,085.52. ECF No. 8, pp. 17-24. In Amended Schedule F, Debtor recharactrized the state of four debts to contingent and/or unliquidated. The amount of unsecured debt for those four debts in Amended Schedule F total $349,348.20. Subtracting the amount in Debtor's Amended Schedule F ($349,348.20) from Debtor's original Schedule F ($1,028,085.52) brings Debtor's scheduled unsecured, noncontingent, and liquidated debt to $678,737.32.

## SUMMARY OF ARGUMENTS

Trustee's Motion to Dismiss argues that a straightforward analysis shows that the amount of Debtor's original unsecured, noncontingent and liquidated debt ($1,028,085.52) is more than

the ceiling of $526,700 in 11 U.S.C. § 109(e), so Debtor is ineligible to file a petition under Chapter 13 of Title 11.

Debtor filed an Amended Schedule F, and also filed the Objection. In his Objection, Debtor argues that the Trustee does not understand the nature of the debts and that the Motion to Dismiss is "premature because claims are still under review and subject to objection by the Debtor." Objection at pp. 2-3. During oral argument at the February 3, 2026 hearing on this matter, however, Debtor admitted that a debtor's eligibility to file a petition under Chapter 13 should be determined as of the petition date. Feb. 3, 2026 Hr'g Rec. at 1:52:23–1:52:27. Debtor further agreed that the claims administration process is different from an eligibility determination. Feb. 3, 2026 Hr'g Rec. at 2:03:26–2:03:30. In Debtor's Objection, he states that eligibility pursuant to 11 U.S.C. § 109(e) "is determined based on the amount of allowed, non-contingent, liquidated unset [sic] as of the petition date, not the face amount of unexamined or unresolved claims." Objection at p. 3.

With respect to Debtor's argument that Trustee does not understand the nature of the debts, Debtor argues that guaranty obligations are contingent and should not be counted for eligibility purposes. Debtor then argues that default judgments stemming from guaranty obligations do not adjudicate the nature of a liability, so those debts are also contingent, in addition to be unliquidated. Debtor identifies creditors NextGear Capital and Pac Western Financial in his Objection as falling into this category.

## LAW AND ANALYSIS

11 U.S.C. § 109(e) governs an individual's eligibility to file a case under Chapter 13 of the Bankruptcy Code. At the time of filing, it provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 and noncontingent, liquidated, secured debts of less than $1,580,125 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $526,700 and noncontingent, liquidated, secured debts of less than $1,580,125 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

Unsecured debts that are noncontingent and liquidated must be less than $526,700, and secured debts that are noncontingent and liquidated must be less than $1,580,125 for an individual to be eligible to file a petition under Chapter 13.

**Chapter 13 Eligibility**

In determining whether a debtor is eligible to be a debtor under Chapter 13, courts are directed to rely primarily upon the debtor's schedules. The Sixth Circuit's decision in *Comprehensive Accounting Corporation v. Pearson* (*In re Pearson*), states that a court tasked with determining an individual's Chapter 13 eligibility "should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith . . . ." 773 F.2d 751, 757 (6th Cir. 1985); *see also In re Perkins*, No. 08-33352, 2009 WL 2983034, at *1 (Bankr. N.D. Ohio Sept. 14 2009); *In re Ramus*, No. 23-60403, 2024 WL 3246406, at *5 (Bankr. N.D. Ohio June 28, 2024).

In applying *Pearson*, the *Perkins* court set forth the following framework for determining an individual's Chapter 13 eligibility:

> (1) the schedules are unquestionably the starting point of the eligibility inquiry, but may also be the ending point under certain circumstances;
>
> (2) the word "normally" used with respect to reliance on schedules implies exceptions for the proper application of a court's discretion so long as the determination focuses on determining debts "on the date of filing,"; and
>
> (3) given the need for parties in interest to know § 109(e) eligibility early in a case, the eligibility determination should not depend on the claims allowance process . . . and turn into separate satellite litigation that dominates and delays the Chapter 13 proceedings . . . . [A] court must [also] make an independent determination apart from Debtor's schedules whether debts are contingent and unliquidated.

*Perkins*, 2009 WL 2983034 at *2 (citations omitted).

This Court must look to the state of the Debtor's affairs as it reasonably appeared on the date of filing. *In re Pearson*, 773 F.2d at 758; *see also In re Ash*, 539 B.R. 807, 811 (Bankr. E.D. Tenn. 2015) ("[P]ostpetition events may not be taken into account in determining chapter 13 eligibility."); *In re Smith*, 365 B.R. 770, 780 (Bankr. S.D. Ohio 2007); *In re Smith*, 325 B.R. 498, 502 (Bankr. D.N.H. 2005) ("Eligibility for chapter 13 is not based upon postpetition events such as allowed claims, filed claims, or treatment of claims in a confirmed chapter 13 plan.").

The nature of the threshold eligibility issue is such that it should not be one that is lengthy, involved, or so deeply evidentiary as to go to the point of having the Court substantially dispose of the question of whether or not the Debtor is ultimately and legally liable for each of the debts the existence or amount of which may have some bearing on the eligibility issue. *In re Odette*, 347 B.R. 60, 62-63 (Bankr. E.D. Mich. 2006).

Debtor argues that his unsecured debts as listed in Amended Schedule F are the correct figure from which the Court should determine eligibility, citing *In re Faulhaber*, 269 B.R. 348 (Bankr. W.D. Mich. 2001). The court in *Faulhaber* held that original schedules as filed in a Chapter 7 case were not binding admissions for a later conversion to Chapter 13. In this case, the Court need not determine whether the original Schedule F or the Amended Schedule F

8

controls for eligibility purposes because both the original Schedule F and the Amended Schedule F reflect that the Debtor is above the debt limit and neither meets the eligibility requirements of § 109(e).

## *Perkins* Framework

The Court is guided by the *Perkins* framework.

First, the schedules are unquestionably the starting point of the § 109(e) eligibility inquiry, but may also be the ending point under certain circumstances. Whether the Court uses the original Schedule F or the Amended Schedule F, Debtor has unsecured debts that are noncontingent and liquidated in an amount that is more than $526,700. The analysis for this matter begins and ends with this first factor.

A court need not conduct an extensive inquiry to determine whether a debtor falls within the numerical parameters set by § 109(e). A court may rely upon the debtor's own representation of these amounts as set forth in the schedules. "The only proviso is that these schedules represent a good faith effort on the part of the debtor. This means that the debtor must make an honest effort to set forth the amount of each claim which is non-contingent and liquidated. If the debtor's schedules do not reflect such an effort, then debtor should be denied Chapter 13 relief. There is no requirement that the court compensate for the debtor's lack of good faith by attempting to do the debtor's calculations for [the debtor]." *In re Faulhaber*, 269 B.R. at 356-57. By arguing that corporate guarantees and default judgments are to be excluded from the eligibility calculation, Debtor is asking this Court to engage in an inappropriate claims review process. A full blown trial is exactly what the case law says is inappropriate in an eligibility inquiry. *In re Odette*, 347 B.R. at 64. This Court should, and does, rely on Debtor's schedules

9

(both as originally filed and as amended). As Debtor's own schedules, under these circumstances, are both the starting point and the ending point, a full blown trial is not required.

Second, for the sake of a complete record, the word "normally" used with respect to reliance on schedules implies exceptions for the proper application of a court's discretion so long as the determination focuses on determining debts "on the date of filing." Even if this Court agrees with Debtor that those debts that have been recharacterized by Amended Schedule F should be excluded from the eligibility calculation, Debtor still has unsecured debts that are noncontingent and liquidated in an amount that is more than $526,700. There is no compelling or persuasive reason for this Court to make a determination that this matter should not be determined, as eligibility normally is, by the Debtor's schedules.

Third, for the sake of a complete record, given the need for parties in interest to know § 109(e) eligibility early in a case, the eligibility determination should not depend on the claims allowance process. Debtor argues that the Trustee's Motion to Dismiss is premature because claims are still under review and subject to objection by the Debtor. Whether a debtor disputes a claim is not relevant to the eligibility calculation. 11 U.S.C. § 109(e). The eligibility determination under § 109(e) cannot be held hostage to the claims allowance process. *Perkins*, 2009 WL 2983034 at *2 ("the eligibility determination should not depend on the claims allowance process"); *In re Ramus*, 2024 WL 3246406 at *13. The Trustee's Motion to Dismiss is timely and not premature.

**Default Judgments**

Debtor argues that state court default judgments from Indiana, Utah, and New York do not adjudicate the nature of liability and thus should be excluded from the §109(e) eligibility calculation. Debtor may not hold the eligibility determination hostage to the claims allowance

10

process.  For the sake of a complete record, the Court reviews, briefly, the nature of default judgments in each of Indiana, Utah, and New York.

A default judgment is a judgment on the merits under Indiana law for purposes of res judicata (both issue preclusion and claim preclusion).  *See Eichenberger v. Eichenberger,* 743 N.E.2d 370, 374 (Ind. Ct. App. 2001).  In Utah, a default judgment "is a final judgment on the merits for purpose of claim preclusion." *Schoney v. Memorial Estates, Inc.*, 863 P.2d 59, 61 (Utah Ct. App. 1993).  Under New York state law, "default judgments which have not been vacated are final orders, thus preclusive." *Lazides v. P & G Enters.*, 58 A.D.3d 607, 871 N.Y.S.2d 357 [2nd Dept. 2009].

The Full Faith and Credit Act (28 U.S.C.A. § 1738) requires federal courts to give a prior state court judgment the same preclusive effect that it would be given in subsequent proceedings in the same state.  *See Migra v. Warren City School District Bd. Of Ed.*, 465 U.S. 75, 84-86 (1984).  Debtor argues that the Bankruptcy Court should not include the various state court default judgments in its § 109(e) computation, but bankruptcy courts are duty bound to uphold the notions of justice and fair play.  *See Pennsylvania Dep't of Envtl. Resources v. Tri–State Clinical Lab.*, 178 F.3d 685 (3rd Cir. 1999).  A bankruptcy court may not reexamine the issues determined by a state court judgment.  *See Heiser v. Woodruff,* 327 U.S. 726, 736 (1946).

This Court must, and does, recognize and honor state court default judgments and provides them the full faith and credit they are rightfully due.  *See In re Miloszar*, 238 B.R. 266, 270 (D.N.J. 1999).  Exercising its independent determination apart from Debtor's schedules, this Court finds that the default judgments are not contingent and liquidated.

11

**Guarantees**

Debtor correctly explains that corporate guarantees can be contingent and unliquidated. The Bankruptcy Code does not provide statutory guideposts for distinguishing contingent from noncontingent debts. While the term "noncontingent debt" is not statutorily defined, case law uniformly holds that "a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *Mazzeo v. United States (In re Mazzeo),* 131 F.3d 295, 303 (2d Cir.1997). Since *Pearson,* courts applying § 109(e)'s eligibility standard "have uniformly held that ready determinability is the touchstone for distinguishing between liquidated and unliquidated debts." *In re Smith*, 365 B.R. 770, 782 (Bankr. S.D. Ohio 2007). "Courts applying the readily-determinable test generally hold that a debt is unliquidated if judgment, discretion or opinion – as distinguished from mathematical computation – is required to determine the amount of the claim." *In re Smith*, 365 B.R. 770, 783 (Bankr. S.D. Ohio 2007).

Here, Debtor only identifies the debts of NextGear Capital and Pac Western Financial in his Objection. As explained above, even if this Court agrees with Debtor that those debts that have been recharacterized by Amended Schedule F should be excluded from the eligibility calculation, Debtor still has unsecured debts that are noncontingent and liquidated in an amount that is more than $526,700. This Court need not make any independent determination apart from Debtor's schedules, nor conduct any further review to determine whether any other debts are contingent and/or unliquidated because, in part, no other debts were identified. Even giving Debtor the benefit of the doubt by accepting the recharacterizations in Amended Schedule F, the Debtor is still not eligible to be a debtor under Chapter 13.

## CONCLUSION

Debtor is not eligible to be a Chapter 13 debtor under 11 U.S.C. §109(e). Trustee's Motion to Dismiss is granted. The case is dismissed.

**IT IS SO ORDERED.**