**IT IS SO ORDERED.**

**Dated: 6 August, 2026 04:06 PM**

Suzana Krstevski Koch
**Suzana Krstevski Koch**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-13360 |
| | ) | |
| CHRISTOPHER A. JOHNSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This cause is before the Court on the Motion of the Chapter 13 Trustee (the "Trustee") for an Order Regarding Funds on Hand in Dismissed Case (the "Motion"). ECF No. 139. Debtor Christopher A. Johnson (the "Debtor") filed a Response (the "Debtor's Response") and argued that the Trustee should continue to hold the funds. ECF No. 141. Creditor Akron Auto Auction, Inc. (the "Creditor") also filed a Response (the "Creditor's Response") and argued that the Court should direct the Trustee to remit the funds to the state court in which Creditor has a judgment so Creditor may enforce its state court judgment. ECF No. 147.

The Court held a hearing on the Motion on August 4, 2026 and, in an oral ruling, granted the Trustee's Motion, directing the Trustee to return any funds in her possession to the Debtor, less administrative expenses, and overruling the Debtor's Response and the Creditor's Response.

This Memorandum of Opinion and Order supplements the Court's oral ruling, and to the extent there are any inconsistencies between this Court's oral ruling and this Order, this Order controls.

## JURISDICTION

The Court has jurisdiction over Debtor's Chapter 13 case pursuant to 28 U.S.C. §§ 1334, 157(a), and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio. The contested matter arising from the Motion is a core proceeding that this Court may hear and determine. 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

Although the Court dismissed Debtor's case on February 12, 2026 (ECF No. 111), a bankruptcy court's authority over the bankruptcy trustee provides an independent basis of jurisdiction to determine the disposition of funds she is holding. *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 586 (6th Cir. 1990) (28 U.S.C. § 959 provides basis for jurisdiction over bankruptcy trustee "independent" of 28 U.S.C. § 1334); *In re Hufford*, 460 B.R. 172, 175 n.2 (Bankr. N.D. Ohio 2011) (bankruptcy court has jurisdiction to determine rights to funds remaining with chapter 13 trustee despite dismissal); *In re Gonzales*, 578 B.R. 627, 628–29 (Bankr. W.D. Mich. 2017) (although bankruptcy estate ceased to exist upon dismissal of the case, bankruptcy court authority over the bankruptcy trustee provides an independent basis of jurisdiction to determine the disposition of funds she is holding).

## BACKGROUND

Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code on August 6, 2025. ECF No. 1. As of February 12, 2026, the Debtor had no plan confirmed pursuant to 11 U.S.C. § 1325. On February 12, 2026, the Court dismissed Debtor's case, finding Debtor was not eligible to be a Chapter 13 debtor under 11 U.S.C. §109(e). ECF No. 111.

2

On February 25, 2026, Debtor filed a Notice of Appeal. ECF No. 113. On that same day, Debtor also filed a request for a stay pending appeal pursuant to Bankruptcy Rule 8007 and a request to expedite the stay. ECF Nos. 114 and 116. The Court granted the Debtor's request to determine the stay pending appeal on an expedited basis. ECF No. 121. The Court entered an Order on March 5, 2026, denying the Debtor's request for a stay pending appeal. ECF No. 125.

Since the case was dismissed, the Debtor has continued to make payments to the Trustee. The Trustee is holding over $31,000 in undistributed funds (the "Funds").

## SUMMARY OF ARGUMENTS

Trustee's Motion requests an order directing her to disburse the Funds, but the Trustee takes no position as to whom the Funds should be disbursed. At the hearing on August 4, 2026, the Trustee requested an order directing her to disburse the Funds or to continue to hold the Funds. The Trustee argued she has duties pursuant to 11 U.S.C. § 1302(b)(1), and she should be permitted to carry out her statutory duties including disbursing the Funds, filing a final report, and proceeding towards closure of the case.

Debtor argues that cause exists under 11 U.S.C. § 349(b) such that the Court should order the Trustee to continue to hold the Funds so as to maintain the status quo pending resolution of the Debtor's appeal. Debtor argues that by ordering the Trustee to continue to hold the Funds, rights of creditors will not be altered because the Funds will be preserved until the appellate process concludes. Debtor believes this will prevent unnecessary prejudice. Debtor provides no case law with cases in a similar procedural posture where a court determined that maintaining the status quo pending appeal, after a stay pending appeal was denied, was sufficient cause under 11

3

U.S.C. § 349(b).[1]

Creditor also argues that cause exists under 11 U.S.C. § 349(b), but that the Court should order the Trustee to remit the Funds to the state court in which Creditor obtained a judgment. Creditor had a wage garnishment in place when Debtor filed his petition and argued that the wage garnishment should be restored. Creditor takes the position that the pendency of an appeal is not a basis to hold the Funds as the Debtor's request for a stay pending appeal was denied.

## LAW AND ANALYSIS

The Debtor's case was dismissed pre-confirmation, and all the parties agree that 11 U.S.C. §§ 349(b) and 1326(a)(2) are the applicable Bankruptcy Code provisions. Section 349(b) governs the dismissal of a Chapter 13 case and states that:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title – ... (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349.

> Section 1326(a)(2) provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326. The third sentence of § 1326(a)(2) specifically deals with the distribution of plan payments if a plan is not confirmed.

---

[1] Also, at the hearing on August 4, 2026, Debtor argued that the Trustee's position as an appellee in the appeal makes the Trustee biased in the instant contested matter, and that this is an additional reason to order the Trustee to continue to hold the Funds. The Court finds this argument to be unpersuasive, without merit, and wholly without support.

There are two cases in this district that have addressed how 11 U.S.C. §§ 349(b) and 1326(a)(2) apply to funds a Chapter 13 Trustee is holding in a case that was dismissed before confirmation: *In re Kirk*, 537 B.R. 856 (Bankr. N.D. Ohio 2015)(Woods, J.) and *In re Tesca,* 2000 WL 35485099, Case No. 05–66893 (Bankr. N.D. Ohio Nov. 28, 2006)(Kendig, J.).

In *Tesca*, Judge Kendig explained that the revesting directive in 11 U.S.C. § 349 appears to be in conflict with 11 U.S.C. § 1326(a)(2), which provides in applicable part, that "[i]f a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 2000 WL 35485099 at *2. He then explained that "§ 349(b)(3) is the Code provision that governs the disposition of all estate property upon dismissal of a chapter 13 case and that the policies expressed by Congress in § 1326(a)(2) are best implemented through the exercise of the court's discretion under § 349(b)(3)." *Id*. (citing *In re Lewis,* 346 B.R. 89, 111 (Bankr. E.D. Pa.2006)).

Judge Woods, on the other hand, found that the specific directives in § 1326(a)(2) control over the general directive in § 349(b)(3). *In re Kirk*, 537 B.R. 856, 860 (Bankr. N.D. Ohio 2015) (citing *In re Inyamah,* 378 B.R. 183 (Bankr. S.D. Ohio 2007). Judge Woods explained that 11 U.S.C. § 349 "generally requires that property of the estate be returned to the debtor upon dismissal . . . . However, § 1326(a)(2) expressly dictates the manner in which a chapter 13 trustee should distribute plan payments if a chapter 13 plan is not confirmed prior to dismissal. *Id.*

In each of *Tesca* and *Kirk*, however, both judges determined that the undisbursed funds, less the amount of administrative expenses for attorney's fees, be returned to the debtor. Judge Woods reaches that conclusion based on 11 U.S.C. § 1326(a)(2), and Judge Kendig reaches that conclusion based on an administrative order governing fees in Chapter 13 cases. There is no dispute in the instant contested matter that administrative expenses, in the form of attorney's

5

fees, should be paid from the Funds. No party has argued otherwise, and at the hearing on August 4, 2026, no party objected to the payment of administrative expenses. The sole issue in this contested matter, though, is what constitutes "cause" pursuant to 11 U.S.C. § 349, and neither *Tesca* nor *Kirk* address "cause" pursuant to 11 U.S.C. § 349.

The Bankruptcy Code does not define what constitutes "cause" under § 349(b) to order undisbursed funds paid to someone other than the debtors. *In re Elms*, 603 B.R. 11, 18 (Bankr. S.D. Ohio 2019). The legislative history accompanying § 349(b) provides:

> Subsection (b) specifies that the dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment, or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. *The court is permitted to order a different result for cause.* The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser. Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 338 (1977); S .Rep. No. 95-989, 95th Cong. 2d Sess. 48-49 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787 (emphasis added).

In this district, there is a case that found cause existed such that undisbursed funds be paid to creditors. *In re Hufford*, 460 B.R. 172 (Bankr. N.D. Ohio 2011) (J. Speer). In *Hufford*, however, the case was dismissed after confirmation, and Judge Speer found that the terms of the order confirming the Chapter 13 plan explicitly provided that "all funds remaining in the hands of the Trustee at the time of dismissal or conversion *shall be paid to the Chapter 13 creditors pursuant to the terms of this confirmed plan*[.]" *Id.* at 176. The instant case was dismissed before a plan was confirmed, so *Hufford* is not analogous.

6

Courts have found "cause" to preclude revesting of funds in the debtor based on equitable considerations. For example, a court may conclude that funds should be disbursed to creditors if the source of funds is postpetition wrongful conduct of a party. *In re Genovese*, 91 B.R. 831 (Bankr. E.D. Tenn. 1988). There is no wrongful conduct in the instant contested matter.

Courts have also found cause in circumstances where it would be inequitable to permit dismissal without distribution of funds accumulated during the case when the debtor has enjoyed the benefit of the automatic stay for a lengthy period. *In re Torres,* No. 99-02609, 2000 WL 1515170 (Bankr. D. Idaho 2000). In *Torres*, the confirmation order was entered eight months after the confirmation hearing due to the debtors' delay, and a voluntary dismissal was filed immediately after the confirmation order was entered. 2000 WL 1515170 at *2. There is no similar procedural history in the instant contested matter to raise these kinds of equitable concerns here.

Debtor cites to *In re Gonzales*, 578 B.R. 627, 631 (Bankr. W.D. Mich. 2017) for the proposition that 11 U.S.C. § 349 does not definitively resolve the treatment of post-confirmation funds in the possession of a Chapter 13 Trustee upon dismissal. ECF No. 141 at 3. The instant case, however, was dismissed before confirmation. When a case is dismissed before a Chapter 13 plan is confirmed, as *Gonzalez* instructs in its introductory paragraph, "the Bankruptcy Code clearly directs the trustee to return the funds to the debtor after deducting allowed administrative claims." *Id.* at 628. Debtor also cites to *In re Hamilton*, 493 B.R. 31 (Bankr. M.D. Tenn. 2013), arguing that *Hamilton* finds a bankruptcy court has broad discretion to alter the effects of dismissal pursuant to 11 U.S.C. § 349. The Court disagrees and reads *Hamilton* to mean that the scope of 11 U.S.C. § 349 itself is broad. *Id.* at 38 ("The scope of § 349(b) is broad, and serves to

7

undo the bankruptcy case to the extent possible – to put all parties in the positions they were in before the case was filed.)  This comports with the legislative history of 11 U.S.C. §349(b).

Debtor generally argues that the Trustee should continue to hold the Funds, and Debtor should continue to make payments to the Trustee so that if the Debtor's appeal is successful, the current status quo will be preserved.  This is not cause.  To grant this request would be to allow Debtor to have "enjoyed use of the Trustee's office as something akin to a court-protected savings account during the pendency of" their appeal.  *In re Torres*, No. 99-02609, 2000 WL 1515170, at *3 (Bankr. D. Idaho Oct. 10, 2000).  This is prejudicial to Creditor, as well as all of the Debtor's creditors, because with no automatic stay in place, creditors would not have the benefit of enforcing their state court rights.  Debtor's arguments do not support a finding of cause such that the Chapter 13 Trustee should continue to hold undisbursed funds pending the outcome of an appeal.

Creditor, in its Response and at the August 4, 2026 hearing, requests that the Funds be sent to the state court in which it has obtained a judgment so that it may enforce its judgment, citing *In re Shields*, 431 B.R. 446, 449 (Bankr. S.D. Ind. 2010) and *In re Johnson*, No. 19-43854, 2020 WL 1943205 (Bankr. E.D. Mich. Apr. 22, 2020).  As Creditor admits, *Johnson* was in a procedurally different posture than the instant contested matter.  The Court finds *Johnson* does not squarely address what constitutes "cause" under 11 U.S.C. § 349(b).  The court in *Shields* did order undisbursed funds to be sent to a state court, but the Chapter 13 Trustee was ordered to issue the check made payable to the debtors.  This kind of intervention is not appropriate in this case because it would put Creditor in a better position than it was prepetition.  "A dismissal typically 'revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case' – in other words, it aims to return to the

8

prepetition financial status quo." *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 456 (2017). For this Court to order the Funds to be remitted to a state court would not return all the parties to the prepetition financial status quo; it would put Creditor in a better position than it held prepetition because Creditor asserts only a prepetition wage garnishment. While Creditor does have a state court judgment, and asserts it had a prepetition wage garnishment, when this case was dismissed, the automatic stay ceased to exist. Creditor may return to state court to continue enforcement of its state law rights, just as every other typical creditor is free to do. *Cf. In re Marve*, No. 19-13434, 2020 WL 11622509, at *3 (E.D. Mich. Sept. 28, 2020) (explaining the rationale for why cause exists under 11 U.S.C. § 349(b) when addressing administrative expense claimants as creditors, not "typical creditors").

Each of 11 U.S.C. §§ 349(b) and 1326(a)(2) require the return of funds held by a Chapter 13 Trustee to a debtor who does not have a confirmed plan upon dismissal, except for administrative expenses and unless a court finds cause exists to order otherwise. No party in this proceeding has presented the Court with sufficient cause. The purpose of 11 U.S.C. § 349(b) is to restore all property rights to the position in which they were found at the commencement of the case. H.R. Rep. No. 95-595. To order the Chapter 13 Trustee to hold the Funds or to remit them to a state court for the benefit of one creditor would not return the parties to a prepetition status quo.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion is granted, the Responses are overruled, and the Trustee is ordered to return the Funds, except for the amount of administrative expenses, to the Debtor, in her ordinary course of business.

9

The Debtor and/or the Debtor's employer, as well as the future income of the Debtor, is hereby released from the supervision and control of the Court, as well as any order of the Court requiring payments to the Trustee in this case.

The Trustee is authorized to pay to the Bankruptcy Court an amount equal to the amount of any unpaid filing fees. Any payment made to the Bankruptcy Court for unpaid filing fees shall be paid from funds received either from or on behalf of the Debtor prior to the dismissal of this case and, in order to comply with Bankruptcy Rule 1006(b)(3) and any relevant statute(s), said distribution may be made before (and possibly to the detriment of) any other authorized but unpaid distributions and/or refunds. The Trustee is also authorized to retain the administrative fee on funds received.

**IT IS SO ORDERED.**